EDWARD McSORLEY, RESPONDENT, *v.* BRIAN G. HUGHES
AND JOSEPHINE S. HUGHES, HIS WIFE, APPELLANTS,
IMPLEADED WITH GODFRIED GALLINECK.

*The admission of improper evidence in an equity case — not a ground for the reversal*
*of the judgment.*

Under the former practice in equity cases the examiner took all the evidence which
was offered, and the chancellor decided upon the case so brought before him,
and was supposed to disregard the improper and incompetent testimony, and the
more recent practice of taking testimony in equity cases before the court has not
so far changed the rule as to make the simple fact of the improper reception of
evidence in such a case a ground for the reversal of the judgment on an appeal
therefrom.

APPEAL by the defendants Brian G. Hughes and Josephine S. Hughes, his wife, upon questions of law and upon the facts, from a judgment of the Richmond County Court, entered in the office of the clerk of the county of Richmond on the 19th day of June, 1889, with notice of an intention on the part of the appellants to bring up for review, upon said appeal, the interlocutory judgment, entered in the above-entitled action in said clerk's office on the 21st day of November, 1888.

The action was brought for the purpose of compelling the specific performance of a contract made by the defendant Brian G. Hughes with the plaintiff Edward McSorley, dated the 22d day of December, 1886, and for other relief, including an injunction against the defendant Godfried Gallineck, to prohibit him from paying rent to Brian G. Hughes, and for the appointment of a receiver of the rents and profits of the property occupied by said Gallineck, and the other property described in said contract.

*Hays, Greenbaum & Schram*, for the appellants.

*Lyman L. Settel*, for the respondent.

PRATT, J. :

The testimony fully sustains the findings of fact. The transaction was clearly a loan of money. The papers executed must be regarded as security for a loan. At the expiration of the time of payment defendant, if he desired to cut off plaintiff's right to redeem, should have filed a bill for that purpose. Not having done so, plaintiff's tender was made in due time and should have been accepted and the property reconveyed.

Some exceptions were taken to the admission of testimony, and it is urged that a new trial should be granted upon that ground. But that has never been the practice in equity. Under the ancient practice, testimony in equity was taken before an examiner, who took all that was offered, and the chancellor decided upon the case so brought before him. Under that system there could not well be any question as to the proper reception of testimony. The judge was supposed to know what testimony was proper and what should be disregarded, and the recent practice of taking testimony in equity

cases before the court has not so changed the rule as to make the improper reception of evidence a ground of reversal. (*Forrest* v. *Forrest*, 25 N. Y., 510.)

The proofs abundantly sustain the judgment, which must be affirmed, with costs.

BARNARD, P. J., and DYKMAN, J., concurred.